WESTERN UNION TELEGRAPH COMPANY v. ANDREW J. LYON ET AL.

[47 South. 344.]

TELEGRAPH COMPANY. *Messages. Error as to price of goods.*

> Where a telegraph company made a mistake in transmitting a message quoting the price of goods and the sendee, without knowledge of the mistake, bought on the faith of the message and paid the true price, greater than the one named in the message, he may recover from the company the loss sustained.

FROM the circuit court of Lauderdale county.

HON. ROBERT F. COCHRAN, Judge.

Lyons and another, partners under the firm name "Lyon &

Co.," the appellees, were plaintiffs in the court below; the tele-graph company, appellant, was defendant there. From a judg-ment in plaintiffs' favor the defendant appealed to the supreme court.

The cause was tried before the circuit judge, a jury being waived, on an agreed statement of facts in substance as follows: A message directed to appellee was delivered by Knowles Brothers of Lockport, New York, to the telegraph company's agent at Lockport, the message being as follows:

"To Lyons & Co., Meridian, Miss.

Baldwin apples two forty; Kings *three fifty,* Lockport. Cars scarce. Wire.

                    Knowles Bros., Lockport, N. Y."

When the message was delivered to appellee at Meridian, it read as follows:

"To Lyons & Co., Meridian Miss.

Baldwin apples two forty; Kings *two fifty,* Lockport. Cars scarce. Wire.

                    Knowles Bros., Lockport, N. Y."

The italicised words show the difference between the message as written by Knowles Brothers and as delivered to appellees. Appellees at once replied to Knowles Brothers by telegram as follows: "Ship eighty barrels Baldwins two forty, balance car Kings quoted." Pursuant thereto, Knowles Brothers shipped from Lockport to appellees at Meridian a carload of apples with bill of lading attached to sight draft upon appellee for purchase price and freight, and appellee promptly paid the draft. There were one hundred barrels of Kings apples in the consignment, hence, because of the difference of one dollar per barrel arising under the mistake in transmission and delivery of the above message, appellees later discovered that they had paid $100 more than the supposed purchase price. There was no question of the good faith of Knowles Brothers; and appellees sued the telegraph company for $100 compensation for the loss suffered by them.

The judgment of the court below was affirmed without opinion by the supreme court. Subsequently appellant having filed a suggestion of error, the court rendered the opinion shown hereinafter.

*Bozeman & Fewell,* for appellant.

This case was tried in the court below on an agreed statement of facts wherein it clearly appears that appellees were under no legal duty or compulsion to accept the carload of apples at the price mentioned in the bill of lading. Appellees did not contract to pay the sum they actually did pay. Hence, if they paid without being obligated so to do by contract, how can the telegraph company be held liable?

Did appellees contract to pay what they voluntarily paid to the seller for the apples? Did appellees suffer any loss when they paid a price they were not bound to pay? That appellees cannot legally recover is apparent from the case of *Shingleur v. Telegraph Company,* 72 Miss. 1030, 18 South. 425, 30 L. R. A. 444, 48 Am. St. Rep. 604. To the same effect see, *Daughtery v. Telegraph Co.,* 75 Ala. 158; *Telegraph Co. v. Chamblee,* 122 Ala. 428; *Telegraph Co. v. Reid,* 83 Ga. 401; *Telegraph Co. v. Hart,* 62 Ill. App. 120; *Telegraph Co. v. Packing Co.,* 188 Ill. 366; *Reynolds v. Telegraph Co.,* 81 Mo. 223; *Marr v. Telegraph Co.,* 85 Tenn. 550; *Telegraph Co. v. Joanos,* 29 S. W. 1130.

We cannot see the force of appellees' contention that they were compelled to accept the whole car of apples merely because there were in the car certain barrels of Baldwin apples corresponding to appellee's order. There was but one contract, if any contract at all existed, and such contract was for a carload of apples to consist of eighty barrels of Baldwins and the balance of the car to consist of Kings apples. The contract was for a carload of apples.

The proper course for appellees to have pursued would have been to refuse to pay the draft and decline to accept the apples, and promptly to notify Knowles Brothers of such refusal, so

that they might have had opportunity to sell the shipment at the Meridian market price. Knowles Brothers could have held the telegraph company liable in such state of affairs, for any loss they might have suffered.

*J. McBeath,* for appellees.

It is undisputed that Knowles Brothers shipped to appellees in the carload of apples, eighty barrels of Baldwins and one hundred barrels of Kings apples. This shipment came with bill of lading for purchase price attached to sight draft upon appellee. Appellees could not refuse to accept the shipment, as they had ordered the eighty barrels of Baldwins at $2.40 per barrel. Nor could appellees accept part of the carload and reject a part. It was compulsory upon appellee to pay the draft and acquire the bill of lading. The *Shingleur case,* 72 Miss. 1030, 18 South. 425, cited by appellant, is not in point. In that case Shingleur could have refused to deliver the cotton. In the case at bar appellees could not refuse the shipment as they had made a definite order for part of the consignment at a definite price.

It is not shown that appellees had any knowledge of the mistake in the telegram, at the time they paid for the car of apples.

WHITFIELD, C. J., delivered the opinion of the court.

In the *Shingleur case,* 72 Miss. 1030, 18 South. 425, 30 L. R. A. 444, 48 Am. St. Rep. 604, it was a vital condition to the decision that Shingleur was clearly shown to have had full knowledge of the mistake in the telegram at a time when he was under no legal obligation to deliver the cotton; and the fact that he had such knowledge and notwithstanding the knowledge, still delivered the cotton when no legal liability existed requiring him to do so, simply in accordance with his high-minded notions of what honor required, was one of the controlling factors in the case. There is not in the agreed statement of facts in this case the slightest evidence that the appellees had any knowledge whatever of the mistake in the telegram at the time they

paid for the car of apples, and it is this absence on the part of appellees of any knowledge that a mistake had been made in the transmission of the telegram which completely differentiates this case from the *Shingleur case.*

Wherefore the *suggestion of error is overruled.*